SD THE CHOTINER FIRM
By L. Kenneth Chotiner, LL.M.
ID No. 77451
1818 Market Street, Ste. 3740
Philadelphia, PA 19103
215.564.6544

Attorneys for Plaintiff



MASTER WEINSTEIN SCHATZ MOYER, P.C.
By STEVEN J. SCHATZ, ESQUIRE
ID No. 84509
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.561.2800

FILED
JUL 31 2014
MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRANDON BYNUM**<br>**2750 Winton Street**<br>**Philadelphia, PA 19145**<br>**Plaintiff** | **CIVIL ACTION**<br>**14 4548** |
| **Vs.** | **No.:** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**<br>**133 South 36th Street, Suite 300**<br>**Philadelphia, PA 19104**<br>**and**<br>**UNIVERSITY OF PENNSYLVANIA**<br>**133 South 36th Street, Suite 300**<br>**Philadelphia, PA 19104**<br>**and**<br>**UNIVERSITY OF PENNSYLVANIA POLICE OFFICER**<br>**COOPER. Badge No. 111**<br>**133 South 36th Street, Suite 300**<br>**Philadelphia, PA 19104**<br>**and**<br>**UNIVERSITY OF PENNSYLVANIA POLICE OFFICERS**<br>**JOHN DOE NUMBERS 1 THROUGH TEN, BADGE** | **JURY TRIAL DEMANDED** |

Bons 7/31/14

**NUMBERS UNKOWN**
**133 South 36th Street, Suite 300**
**Philadelphia, PA 19104**

**Defendants**

## COMPLAINT

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Sections 1983, and 1985and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## II. PARTIES

2. Plaintiff, Brandon Bynum, is citizen of the Commonwealth of Pennsylvania, who at all times relevant hereto resided at 2750 Winton Street, Philadelphia, Pennsylvania.

3. Defendant, Trustees of the University of Pennsylvania ("TRUSTEES"), is the governing board of the University of Pennsylvania, a Pennsylvania not-for-profit corporation, which maintains its office of general counsel at 133 South 36th Street, Suite 300, Philadelphia, Pennsylvania. At all times material and relevant hereto Defendant, Trustees of the Trustees of the University of Pennsylvania operated, managed, directed and controlled the University of Pennsylvania Police Department and employed Defendants, University of Pennsylvania Police Officers Cooper, Badge No. 11 and John Does One through Ten, Badge Nos. Unknown.

4. Defendant, University of Pennsylvania ("UOP"), is a not-for-profit corporation and at all times relevant hereto operated, managed, directed and controlled the University of Pennsylvania Police Department which employed Defendants, University of Pennsylvania Police Officers Cooper, Badge No. 11 and John Does One through Ten, Badge Nos. Unknown.

5. Defendant, Police Officer Cooper, Badge No.: 111 ( "OFFICER COOPER"), was at all times relevant to this Complaint, an Officer of the University of Pennsylvania Police Department of Defendant, UOP, and was acting in such capacity as the agent, servant, and or employee of the UOP, by and through its Police Department, acting under the direction and control of the Defendants, Trustees and UOP and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendants, John Doe, Number One through Ten, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint, Police Officers for the University of Pennsylvania Police Department and acted under the color of state law. They are being sued in both their individual and official capacities.

7. At all times material and relevant to this complaint, Defendants, the Trustees of the University of Pennsylvania and the University of Pennsylvania, did act through their agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

8. At all times referred to herein, Defendants, acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the University of Pennsylvania and the University of Pennsylvania Police Department, and pursuant to their authority as police officers of the University of Pennsylvania and its police department.

9. At all times referred to herein, Defendants did conspire with one another, to deprive Plaintiff of his constitutional rights.

## III. FACTS

10. On August 14, 2012, Plaintiff was the passenger of a motorcycle in the vicinity of 3800 Market Street in the city and county of Philadelphia.

11. Suddenly and without warning and/or justification, Defendant, Officer Cooper, and other defendant officers, who were in a vehicle attacked Plaintiff with their

batons and used the vehicle as a weapon by repeatedly trying to knock the motorcycle over in an attempt to force the motorcycle to stop before activating emergency signals.

12. The Defendant Officers' actions forced Plaintiff to jump off the motorcycle while it was moving.

13. Plaintiff hit the ground with such force that he suffered among other things, an injury to his left leg.

14. Despite the obvious and glaring nature of Plaintiff's leg injury, Defendant Police Officers surrounded Plaintiff, who was lying on the ground in pain, and leaned on and put unnecessary pressure on Plaintiff's injured left leg using unreasonably excessive, while they placed him in handcuffs for no reason.

15. Defendant Officers continued to lean on Plaintiff's injured left leg unreasonably excessive and unnecessary force even after they had secured Plaintiff in handcuffs causing Plaintiff further undue pain and suffering.

16. Eventually, Defendant Police Officers forced Plaintiff to stand despite the obvious injuries to his left leg and elsewhere.

17. Then Defendant Police Officers ordered Plaintiff to walk to a paddy wagon and, when he could not because of his obvious injuries, they dragged him instead.

18. Defendant, Police Officers, then threw Plaintiff into the back of the paddy wagon and purposefully did not secure him to a seat.

19. Then Defendant, Police Officers, gave Plaintiff a "nickel ride" on the way to the University of Pennsylvania Hospital—said Officers were purposefully driving in such a manner so that Plaintiff was thrown all around in the back of the paddy wagon.

20. Once inside the University of Pennsylvania Hospital, Defendant, Police Officer(s), cuffed Plaintiff to a bed.

21. It was not until a doctor came into the room and told Plaintiff that there is a chance he will keep his left leg that Defendant, Police Officer(s), removed the cuffs and left.

22. Plaintiff was diagnosed with a closed left tibial plateau fracture.

23. Plaintiff underwent a left tibial plateau closed treatment and left external fixator placement.

24. An X-ray study of the tibia/fibula revealed placement of external fixator pins in the mid tibial shaft for a comminuted fracture of the proximal tibia.

25. X-ray studies of the left femur and left knee, that were compared to studies from the previous day, revealed interval placement of external fixator with two pins in the mid femoral shaft and two pins in the mid tibial shaft for fixation of a severely comminuted intra-articular proximal tibial fracture involving the medial plateau and extending into the lateral plateau and tibial eminence: fracture alignment was grossly unchanged; again seen was lipohemarthrosis of the knee; a small bony fragment adjacent to the fivular head that possibly represented an avulsion fracture of displaced fragment from the tibial fracture.

26. On August 17, 2012, Plaintiff underwent a left tibial plateau open treatment and left external fixator removal.

27. An X-ray study of the left knee, that was compared to a study dated August 15, 2012, revealed interval placement of medical buttress plate and screes in the proximal tibia and two additional screws in the lateral tibia improving alignment of the markedly comminuted meial and lateral tibial plateau fracture; fragments had been restored to near anatomic alignment; and expected postoperative soft tissue swelling and joint effusion.

28. On August 20, 2012, Plaintiff was discharged.

29. The injury Defendants caused to Plaintiff's left tibia resulted in a fracture of the tibial plateau, which created a general weakening of the structural and soft tissue components of the area. The damage to the muscular, skeletal, and ligamentous structures is permanent and, as is typical, resulted in a loss of optimum function.

30. At no time did prior to attacking Plaintiff did the Defendant Officers activate emergency signals.

31. At no time did Plaintiff commit any act, which would give Defendant Police Officers the power or authority to arrest or use any force.

32. In fact, no one acted in any manner that could justify the Defendant Police Officers' actions.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, THE TRUSTEES OF
THE UNIVERSITY OF PENNSYLVANIA AND THE UNIVERSITY OF PENNSYLVANIA,
PURSUANT TO 42 U.S.C. §1983
(*MONELL* CLAIMS)**

33. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

34. Prior to August 14, 2012, Defendants, Trustees and UOP, developed and maintained policies or customs exhibiting deliberate indifference to the constitution rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

35. Defendants, Trustees and UOP, has encouraged, tolerated, ratified and have been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest;

b. The failure of police officers to follow established policies and procedures regarding the completion of police paperwork;

c. The failure of the University of Pennsylvania Police Department to maintain proper police reports, including the identity of police eyewitness information;

d. The failure of the University of Pennsylvania Police Department to establish policies and procedures regarding the handling of citizens who are injured;

e. The failure of the University of Pennsylvania Police Department to establish policies and procedures regarding the transportation of injured citizens; and,

f. The failure of University of Pennsylvania Police Officers to prevent, deter, report or to take action against the unlawful conduct of other officers under such circumstances as presented herein.

36. Defendants, Trustees and UOP, failed to properly sanction or discipline officers, who are aware and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the individual Defendants to violate the rights of citizens such as Plaintiff.

37. It was the policy and/or custom of Defendants, Trustees and UOP, by and through the University of Pennsylvania Police Department to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by Defendants, Trustees and UOP, including the incident involving plaintiff in this matter.

38. It was the policy and/or custom of Defendants, Trustees and UOP, and the University of Pennsylvania Police Department to inadequately supervise and train its police officers, including the defendant officer(s), thereby failing to adequately discourage further constitutional violations on the part of it police officers. Defendants, Trustees and UOP, by and through the University of Pennsylvania Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct including, but not limited to, "nickel rides."

39. As a result of the above described policies and customs, police officers of Defendants, Trustees and UOP, and the University of Pennsylvania Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. The above described policies and customs, police officers of Defendants, Trustees and UOP,, by and through the University of Pennsylvania Police Department, demonstrated an indifference on the part of policymakers of Defendants, Trustees and UOP, and the University of Pennsylvania Police Department to the constitutional rights of person within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

41. The acts and failures to act of Defendants, Trustees and UOP, by and through the University of Pennsylvania Police Department, committed under color of law, as herein above set forth, deprived plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States, in violation of 42 U.S.C. Sections 1983, and 1985, and deprived the plaintiff of rights guaranteed by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

**WHEREFORE**, plaintiff respectfully requests judgment in his favor and against defendants for compensatory damages, plus costs of this action, attorneys' fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**SECOND CAUSE OF ACTION**
**INJUNCTIVE AND DECLARATORY RELIEF AGAINST**
**DEFENDANTS, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**
**AND THE UNIVERSITY OF PENNSYLVANIA,**
**FOR CIVIL RIGHTS VIOLATIONS**

42. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

43. By adopting, permitting, encouraging, tolerating, ratifying or being deliberately indifferent to a pattern, practice and policy pursuant to which defendant police officers unlawfully and improperly arrest, detain, and use excessive force, without filing charges or even documenting an incident through a use of force report or some other document, Defendants, Trustees and UOP, have and will continue to deprive plaintiff and other individuals who come into contact with police of rights guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and §1985.

44. Defendants, Trustees and UOP, by their actions, deprived Plaintiff and other individuals of their rights to life, liberty, and, property consistent with all rights and immunities guaranteed by the Due Process Clause of the Constitution of the United States.

45. By encouraging, tolerating, ratifying or being deliberately indifferent to a pattern, practice and policy pursuant to which defendant police officers unlawfully and improperly arrest, detain, and use excessive force, without filing charges and/or even documenting an incident through a use of force report or some other document will continue to deprive plaintiff and others who may come into contact with police of rights guaranteed by the Constitution and 42 U.S.C. §1983 and §1985.

46. Moreover, by encouraging, tolerating, ratifying or being deliberately indifferent to a pattern, practice and policy pursuant to which defendant police officers fail to provide proper medical care or transportation to citizens with obvious injuries may deprive plaintiff and others who may come into contact with police of rights guaranteed by the Constitution and 42 U.S.C. §1983 and §1985.

47. Plaintiff "has standing to pursue claims for injunctive and declaratory relief to combat a pattern of illicit behavior, particularly when the challenged conduct occurs pursuant to an officially authorized policy." *McBride v. Cahoone*, 820 F.Supp.2d 623, 634 (E.D. Pa. 2011)

48. "[T]he presence of an official policy greatly increases the likelihood that any individual, including [plaintiff], will imminently suffer the very same deprivation of liberty [plaintiff] claims to have suffered in the past. *Id.* at 635.

49. Furthermore, Plaintiff currently experiences adverse effects because this pattern of illicit behavior, which sanctions the withholding of material information regarding the incident and possible witnesses by failing to document use of force, thus hindering Plaintiff's efforts to successfully pursue his claims.

50. As a result of Defendants, Trustees' and UOP's, conduct plaintiff and other individuals other individuals who come into contact with police have suffered and will continue to suffer irreparable harm. There is no adequate remedy at law and the requested declaratory and injunctive relief are necessary to prevent ongoing civil rights violations.

**WHEREFORE,** plaintiff respectfully requests judgment in his favor and against defendants for declaratory and injunctive relief, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**THIRD CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE COGNIZABLE UNDER 42 U.S.C. §1983**
**PLAINTIFF V. ALL DEFENDANTS**

51. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

52. At the time and date aforementioned, Defendants used unnecessary force on plaintiff by under arrest. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

53. As stated in the Third Circuit's Model Civil Jury Instructions:

> The Fourth Amendment excessive force standard attaches at the point of a "seizure." *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) ("To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."). A "seizure" occurs when a government official has, "by means of physical force or show of authority, . . . in some way restrained [the person's] liberty." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *see also Brower v. County of Inyo*, 489 U.S. 593, 596 (1989); *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000) (per curiam) ("A person is seized for Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement.").

See Third Cir. Model Civil Jury Inst. §4.9, Comment.

54. Here, there is no doubt that Plaintiff was "seized" when defendant officers, who were in a vehicle attacked Plaintiff with their batons and used the vehicle as a weapon by repeatedly trying to knock the motorcycle over in an attempt to force the motorcycle to stop without activating emergency signals.

55. Moreover, Defendant Police Officers continued to use excessive force against Plaintiff after he was laying on the ground with obvious injuries to his leg, which continued during the "nickel ride" in the paddy wagon and up and until the time they

removed the handcuff's after hearing the doctor say that Plaintiff may loose his leg because of the injuries caused by their unjustified and unwarranted actions.

**WHEREFORE,** plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL SEIZURE COGNIZABLE UNDER 42 U.S.C. §1983**
**PLAINTIFF V. ALL DEFENDANTS**

56. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

57. At the time Plaintiff was arrested Defendants knew that there was no probable cause to arrest because they knew that he had not done anything wrong.

58. At the time Plaintiff was arrested, Defendants knew that Plaintiff was no more than a passenger on a motorcycle.

59. The fact that Defendants had no probable cause to arrest is supported by the fact that Plaintiff was not charged with any crimes despite the fact that defendant officers placed him in cuffs and transported him to a hospital while cuffed in the back of a paddy wagon where Plaintiff remained handcuffed to a bed.

**WHEREFORE,** plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**FIFTH CAUSE OF ACTION**
**FALSE ARREST AND IMPRISONMENT UNDER 42 U.S.C. §1983**
**PLAINTIFF V. ALL DEFENDANTS**

60. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

61. The conduct of defendants resulted in plaintiff being falsely, maliciously, and unlawfully arrested, detained and prosecuted, and plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**SIXTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**PLAINTIFF V. INDIVIDUAL DEFENDANTS**

62. The allegations set forth in paragraphs one through fifty-two inclusive, are incorporated herein as if fully set forth.

63. The acts and conduct of all Defendants alleged in the above cause of action constitute assault and battery, false imprisonment, abuse of process, negligent infliction of emotional distress, interference with state constitutional rights, negligence, and gross negligence, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

**WHEREFORE,** plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

JURY DEMAND

64. Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the relief herein requested.

Dated: July 28, 2014

s/ L. Kenneth Chotiner
THE CHOTINER FIRM
L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.564.6544

s/ Steven Schatz
MASTER WEINSTEIN SCHATZ MOYER, P.C.
STEVEN J. SCHATZ, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.561.2800

SD

14 CV 4548

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2750 Winton Street, Philadelphia, PA 19145

Address of Defendant: 133 South 36th Street, Suite 300, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: 3800 Market Street, Philadelphia, Pennsylvania

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

JUL 31 2014

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ______ ______ ______
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 7-28-14 [signature] 84509
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

14 4548

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
BRANDON BYNUM

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MASTER WEINSTEIN SCHATZ MOYER, P.C.
1818 Market Street, Suite 3620
Philadelphia, PA 19103 / Tel.#: 215-561-2800

**DEFENDANTS**
TRUSTEE OF THE UNIVERSITY OF PENNSYLVANIA, ET AL

County of Residence of First Listed Defendant PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 1983, 1985, and 1988, 28 U.S.C ss 1331 & 1343(1)(3)(4).
Brief description of cause:
CIVIL RIGHTS

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

JUL 31 2014

DATE 07/28/2014 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

BRANDON BYNUM : CIVIL ACTION

v. :

Trustees of the University of Pennsylvania, et al : NO. 14 4548

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 07/28/2014 | Steven J. Schatz | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-561-2800 | 215-561-0012 | sschatz@panjlawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

JUL 31 2014

(Civ. 660) 10/02