IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON BYNUM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA, et al. | : | NO. 14-4548 |

MEMORANDUM

Dalzell, J.                                                                                                                           November 18, 2014

**I.     Introduction**

We consider here the motion under Fed. R. Civ. P. 12(b)(6) of defendants Trustees of the University of Pennsylvania ("Trustees"), University of Pennsylvania ("University"), and University of Pennsylvania Police Officer Cooper, Badge No. 111 ("Officer Cooper") to dismiss part of plaintiff's Complaint.

Brandon Bynum ("Bynum") brings this action against these defendants, as well as University of Pennsylvania Police Officers John Doe Numbers 1 through 10 ("Officers Doe #1-10"), pursuant to 42 U.S.C. § 1983 and state law.

We have federal question jurisdiction over Bynum's Section 1983 claims pursuant to 28 U.S.C. § 1331. We have supplemental jurisdiction over Bynum's state law claims pursuant to 28 U.S.C. § 1367.

Defendants move to dismiss all counts against the University with prejudice, Counts I and II in their entirety, Counts III, IV, and V as to the Trustees only, all official capacity claims against the individual defendants, an allegedly duplicative portion of Count V's false imprisonment claim, and one part of Count VI's state law claim.

**II.     Standard of Review**

A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims

2

are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the Complaint.

### III.     Factual Background

On August 14, 2012, Bynum was riding as a passenger on a motorcycle near 3800 Market Street in Philadelphia, Pennsylvania. Complaint at ¶ 10. Without warning or activating their emergency signals, Officer Cooper and Officers Doe #1-10, who were in a vehicle, "attacked [Bynum] with their batons and used the vehicle as a weapon by repeatedly trying to knock the motorcycle over in an attempt to force the motorcycle to stop." Id. at ¶ 11. Bynum was forced to jump from the moving motorcycle, injuring his left leg. Id. at ¶ 12-13.

Though Bynum's injury was "obvious and glaring," the defendant officers surrounded him as he lay on the ground, and "leaned on and put unnecessary pressure" on his injured leg while they handcuffed him. Id. at ¶ 14. The officers continued to lean on Bynum's leg, even after he was handcuffed. Id. at ¶ 15. Despite his leg injury, the officers forced Bynum to stand, then ordered him to walk to a "paddy wagon" (hereinafter "the police vehicle"). Id. at ¶ 16-17. When Bynum could not comply because of his injury, "they dragged him instead." Id. at ¶ 17. The officers then "threw [Bynum] into the back of the [police vehicle] and purposefully did not secure him to a seat." Id. at ¶ 18. The officers then "purposefully [drove] in such a manner so that [Bynum] was thrown all around in the back of the" police vehicle. Id. at ¶ 19 (describing the "nickel ride").

The officers drove Bynum to the hospital, where one of the officers handcuffed him to a bed. Id. at ¶ 19-20. The officers only removed the handcuffs and left after a doctor came into the room to tell Bynum "that there is a chance he will keep his left leg." Id. at ¶ 21. Bynum suffered

3

a "closed left tibial plateau fracture," requiring "a left tibial plateau closed treatment and left external fixator placement" and then "a left tibial plateau open treatment and left external fixator removal." Id. at ¶¶ 22-26. Bynum was discharged from the hospital on August 20, 2012, six days after the motorcycle incident. Id. at ¶ 28. Bynum continues to suffer from weakened structural and soft tissue harm in the left tibia, "result[ing] in a loss of optimum function." Id. at ¶ 29.

Bynum brings several claims under 28 U.S.C. § 1983 and state law. In Count I, Bynum brings a Monell claim against the Trustees and the University. Id. at ¶¶ 33-41. In Count II, Bynum seeks injunctive and declaratory relief against the Trustees and the University. Id. at ¶¶ 42-50. In Count III, Bynum asserts an excessive force claim under Section 1983 against all defendants. Id. at ¶¶ 51-54. In Count IV, Bynum claims an action for unlawful seizure under Section 1983 against all defendants. Id. at ¶¶ 56-59. In Count V, Bynum asserts claims for false arrest and imprisonment under Section 1983 against all defendants. Id. at ¶¶ 60-61. In Count VI, Bynum alleges claims under state law for "assault and battery, false imprisonment, abuse of process, negligent infliction of emotional distress, interference with state constitutional rights, negligence, and gross negligence." Id. at ¶¶ 62-63.

**IV.     Discussion**

The Supreme Court explains that a cause of action under Section 1983 requires only two allegations: some person has deprived the plaintiff of a federal right, and that person acted under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).

A.     **The Parties' Stipulated Dismissal Of The University And Part Of Count VI**

On October 3, 2014, the parties stipulated to a dismissal with prejudice of all claims against the University and of the portion of Count VI based on "interference with state constitutional rights," also with prejudice. Stipulation (filed Oct. 6, 2014) (docket entry #5); Def. Response at Exhibit A. We will therefore dismiss with prejudice all claims against the University[1] and the portion of Count VI referring to "interference with state constitutional rights."

B.     **Counts I and II: The Monell Claims**

Bynum asserts a Monell claim against the Trustees and seeks injunctive and declaratory relief on the basis of the Trustees' alleged pattern and practice of (a) permitting a policy of excessive force, Complaint at ¶ 43, (b) deliberate indifference to a pattern of police conduct of using excessive force without proper documentation of incidents in which force is used, id. at ¶ 45, and (c) indifference to a pattern and practice of failing to provide proper medical care or transportation to "citizens with obvious injuries." Id. at ¶ 46. The Trustees argue that Bynum's Complaint "is devoid of any allegation even suggesting the kind of policy or custom required to establish liability for a municipal entity under" Section 1983. Def. Mem. at 7. The Trustees argue that Bynum's allegations "are nonfactual and conclusory," fail to allege any facts regarding any policymaker's prior knowledge of similar violations, and fail to allege any lack of training or supervision. Id. at 8.

---

[1] We thus will omit mention of the University as a defendant for the remainder of our Memorandum.

A municipality[2] is not liable for its employees' constitutional torts under a theory of respondeat superior -- that is, a municipality cannot be held liable for its employees' torts solely by virtue of their employment relationship. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality is liable for its employees' violations of Section 1983 only where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694.

A plaintiff can demonstrate the existence of a government policy by showing "that a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issued an official statement of policy." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)) (internal alterations omitted). To show a custom, a plaintiff must establish that state officials engaged in a course of conduct so permanent and well-settled that it operated as law. Id. (citing Monell, 436 U.S. at 690).

In either case, a plaintiff must show a government policymaker's responsibility for, or acquiescence in, the alleged tort. Id. (citing Andrews v. City of Phila., 895 F.2d 1496, 1480 (3d Cir. 1990)). The plaintiff need not specifically identify the responsible decisionmaker, since practices that are considered custom or policy under Monell are ascribable to municipal decisionmakers. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Thus, even if a custom

---

[2] The Trustees note in their motion that "Penn is a private institution whose actions are not fairly attributable to the state. Although this point is not raised in the present Motion, Penn does not waive it, nor does it concede that it is subject to liability under 42 U.S.C. § 1983." Motion at 1, n. 1. We have previously discussed whether the Trustees, in the context of the Penn Police Department, qualify as a state actor. See Fleck v. Trustees of the University of Pennsylvania, 995 F. Supp. 2d. 390, 399-403 (E.D. Pa. 2014). In Fleck, we found that the Trustees were a proper defendant for the purposes of a Section 1983 suit when two officers of the Penn Police Department arrested two instigators of a public disturbance while they were on patrol within their patrol zone. Id. at 402. The Trustees are similarly situated in this instance and would therefore be proper defendants under Section 1983.

or policy "has not been formally approved by an appropriate decisionmaker," it "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

To be liable under Section 1983, "the government must act with deliberate indifference to the purported constitutional deprivation." Jiminez, 503 F.3d at 250. As a result, a failure to train may constitute a policy or custom giving rise to Section 1983 liability for a municipality only if the failure demonstrates deliberate indifference to residents' constitutional rights. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). A failure to train evinces deliberate indifference if

> in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

Id. at 390.

There must also be "a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation' to ground municipal liability." Jiminez, 503 F.3d at 249 (quoting City of Canton, 489 U.S. at 385). As our Court of Appeals has explained, causation is often a question for the jury:

> [T]o sustain a § 1983 action against the City, plaintiffs must simply establish a municipal custom coupled with causation – i.e., that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury. If the City is shown to have tolerated known misconduct by police officers, the issue whether the City's inaction contributed to the individual officers' decision to arrest the plaintiffs unlawfully in [a given] instance is a question of fact for the jury.

Bielevicz, 915 F.2d at 851.

Bynum has failed to state a claim upon which relief can be granted for Counts I and II of his Complaint because he provides no factual allegations or averments supporting his contentions. Threadbare recitals of the elements of a Monell claim do not suffice. In his response to the motion to dismiss, Bynum merely reprints portions of his Complaint and asserts that "[i]t is clear from the Civil Action Complaint that plaintiff has stated causes of action for Counts One and Two." Pl. Response at unnumbered pages 5-7. Bynum's factual allegations are limited to the conduct of Officer Cooper and Officers John Doe #1-10, and allegations of individual conduct alone do not ground a Monell claim.

We will therefore dismiss Counts I and II of the Complaint.

### C.      Counts III, IV, And V As To The Trustees

Bynum includes the Trustees as a defendant in Counts III, IV, and V of his complaint, alleging excessive force, unlawful seizure, and false arrest and imprisonment. For the same reasons that Bynum's Monell claims in Counts I and II fail, his claims in these three counts fail as well, as the Trustees cannot be held liable for such alleged constitutional violations in the absence of an official policy or custom that may have allegedly caused the violations to occur.

We therefore will dismiss Counts III, IV, and V as to the Trustees only.

### D.      Official Capacity Claims

The defendants argue that Bynum's official capacity claims against Officer Cooper and Officers John Doe #1-10 fail as a matter of law because when a claim is asserted against an individual in his official capacity, the real party in interest is the governmental entity and not the individual official. Def. Mem. at 9 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). Defendants

8

further argue that since Bynum cannot hold the Trustees vicariously liable for the acts of its employees, the official capacity claims against the individual defendants must be dismissed. Id.

When an official is sued in his official capacity, the governmental entity's alleged policy or custom must have played a part in the alleged violation of federal law. Hafer, 502 U.S. at 25. Since plaintiff has not pled sufficiently any Monell claim against the Trustees, he cannot ground the defendant officers' conduct in any alleged policy or custom. We therefore dismiss plaintiff's official capacity claims against all individual defendants.

### E. Counts IV and V: Unlawful Seizure and False Arrest and Imprisonment

Defendants argue that Count V for false arrest and imprisonment is duplicative of Count IV for unlawful seizure. Def. Mem. at 10. Defendants therefore request not that we dismiss either count for failure to state a claim, but rather that we dismiss as duplicative the portion of Count V based on false imprisonment. Def. Reply at 4-5.

To state a claim for an unlawful seizure, a plaintiff must plead that (1) a seizure occurred and (2) it was unreasonable. Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005). To state a false imprisonment claim, a plaintiff must plead that (1) he was arrested (2) without probable cause and (3) detained pursuant to that arrest. Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

We do not find these causes of action to be duplicative. The factual allegations in the Complaint plead both an allegedly unlawful seizure and a potentially separate unlawful arrest and detention. We will therefore deny defendants' motion to dismiss any portion of Count V as duplicative.

## V.     Conclusion

Bynum has failed to state a claim upon which relief can be granted as to Counts I and II, and we will therefore dismiss both counts in their entirety. For the same reasons, we dismiss Counts III, IV, and V as to the Trustees only. Bynum has also failed to state a claim with respect to his causes of action against the individual defendants in their official capacities, and so we dismiss those claims as well. The parties have stipulated to a dismissal with prejudice of the University as a defendant in this case, and to the portion of Count VI referring to interference with state constitutional rights. However, Counts IV and V are not duplicative, and we will therefore not dismiss the portion of Count V referring to false imprisonment. An appropriate Order follows.

BY THE COURT:

/S/ STEWART DALZELL, J.